**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**MARK S. NEUMAN,**

      **Petitioner,**

**v.**                                       **Case No. 2:12-cv-00206**

**WEST VIRGINIA SUPREME COURT OF APPEALS,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 30, 2012, the petitioner, an inmate presently incarcerated at the Denmar Correctional Center, in Hillsboro, West Virginia, filed a Petitioner for a Writ of Mandamus (ECF No. 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**THE PETITION**

The petitioner seeks a writ of mandamus requiring the Supreme Court of Appeals of West Virginia (the "SCAWV") to discharge the petitioner's sentence, with full rights restored, and the expungement of his criminal record. (ECF No. 1 at 1.) The petitioner asserts that the SCAWV abused its discretion by not basing its decision on the merits of the case, and summarily dismissing the case, in violation of the petitioner's civil, constitutional and human rights. (*Id.*) Attached to the petition is an Order from the SCAWV, entered on January 12, 2012, refusing a petition for a writ of mandamus

directed to the West Virginia Parole Board, filed by the petitioner on April 29, 2011.  (*Id.* at 2.)

## ANALYSIS

The petitioner is serving a sentence for first degree murder handed down in 1986 by the Circuit Court of Mercer County (Case No. 85-F-166).  According to the West Virginia Division of Corrections website (www.wvdoc.com), the petitioner is eligible for a parole hearing on April 1, 2014.  It would appear that the petition for a writ of mandamus filed in the SCAWV was challenging a prior decision by the West Virginia Parole Board; however, this court is not in possession of the prior decision or the petition filed in the SCAWV.

The present petition seeks a writ of mandamus directed to the SCAWV to discharge the petitioner's sentence and expunge his criminal record.  Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff.  [Emphasis added.]

A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined.  The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable."  *Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina,* 551 F.2d 559, 562 (4th Cir. 1977).

Despite the petitioner's assertion that the decision of the SCAWV violated his federal rights, the issue of parole eligibility and release on parole are matters of state

law.  Thus, the petitioner is asking a federal court to order a state court to act in a particular manner under state law.  A federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a petitioner.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that there is no jurisdiction for this United States District Court to issue a writ of mandamus directed to the Supreme Court of Appeals of West Virginia.   For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Mandamus as being legally frivolous and as failing to state a claim upon which relief can be granted.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v.*

*Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

February 2, 2012

Mary E. Stanley
United States Magistrate Judge

4